IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LAGALE BROWN ROSTICK,** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 23-CV-0999** |
| | : | |
| **JAMES SCAPERATTO,** *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM**

**PEREZ, J.**                                                                                                               **MARCH 21st , 2023**

      Plaintiff Lagale Brown Rostick brings this *pro se* civil action alleging violations of her constitutional rights. Rostick has moved to proceed *in forma pauperis*. For the following reasons, the Court will grant Rostick leave to proceed *in forma pauperis* and the case will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I.     FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

      Rostick commenced this matter by filing a Complaint, naming as Defendants James Scaperatto and Jessica Scaperatto. (*See* ECF No. 1.)[1] Because she failed to either pay the fees to commence a civil action or file a motion to proceed *in forma pauperis*, she was directed to do so. (*See* ECF No. 3.) In response, Rostick filed a document titled "Appeal In Forma Pauperis

---

[1] Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). The United States Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *See Syville v. New York City of New York*, Civ. A. No. 20-0570, 2020 WL 2614705, at *1 (S.D.N.Y. May 15, 2020) (citing *Becker v. Montgomery*, 532 U.S. 757, 764 (2001)). The Complaint does not contain a hand placed signature, but rather, contains an electronic signature. Under the discretion afforded by the Standing Order issued on May 13, 2020, *see In re: Use of Electronic Signatures in Prisoner and Pro Se Cases Due to the Exigent Circumstances Created by COVID-19*, (E.D. Pa. May 13, 2020), the Court will accept this electronic signature as compliant with Federal Rule of Civil Procedure 11.

Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis," (*see* ECF No. 4), which the Court construes as a Motion to Proceed *In Forma Pauperis* in this case.

Rostick asserts federal question as the basis for this Court's jurisdiction and contends that she has been deprived the color of law "for all Complaints from 2017- to 2023 [that] were unanswered . . . due to personal conflicts with James Scaperatto and Jessica Scaperatto." (Compl. at 3.)[2] She claims that non-party "James Radcliff has criminally stalked me since he said after he raped me according to him since he was 9 yrs old." (*Id.* at 4.) Rostick appears to contend that Radcliff "ruined" all of her Complaints, which was the impetus for the filing of the case at bar. (*Id.*) She further alleges "that James Scaperatto told Gail Olsen to destroy my claims," that James Scaperatto told Rostick "that he has stolen funds from New Hanover and St. Christopher's Hospital for hospital negligence for both me and my sister in 1975 and 1987," and that he "corrupted the PA Act 350 Electric Distribution Supplier contract" that Rostick's son worked on from 2012 to 2015. (*Id.*) Rostick also claims that James Scaperatto informed her that he stole funds from her son's customer accounts and "funneled the money from the state act budget to offshore accounts for Lithuania, and Bosnia." (*Id.*) She further claims that he damaged her spine using "chemicals from the Sanatoga, Pa Exceleron Power Plant to cause [her] spine to deteriorate." (*Id.*) According to Rostick, James Scaperatto told her that he stole funds from, *inter alia*, a program with the Department of Veteran Affairs, and "is responsible for transferring Gorilla Glue to make [her] hair sticky, which has fallen out for over 10 years." (*Id.* at 5.) She further avers that "Meghan Markle and Harry Windsor said they did this in the past," as well as "transferred Butyl Phosphate Sodium Carbonate" into Rostick's hotel room which caused third degree burns on her scalp and body. (*Id.*) Additionally, Rostick asserts that James

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

Scaperatto, as well as other non-party individuals, have transferred calories to her, causing her to gain weight. (*Id.* at 6.) As relief, Rostick seeks a "permanent injunction . . . to do or cease doing what is being done" to her " as well as money damages. (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Rostick leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) applies. Section 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . ." *Id.* at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As Rostick is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III. DISCUSSION

Although Rostick's Complaint is rambling and fantastical, it appears that she seeks to pursue this matter as a civil rights case. Accordingly, the Court will construe the Complaint as raising constitutional claims pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United

States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Rostick may not proceed on her claims, however, because her allegations, to the extent decipherable, are wholly incredible and clearly frivolous. The Court has thoroughly reviewed Rostick's filing and cannot discern any plausible basis for a non-frivolous claim within the Court's jurisdiction upon which she could move forward.  *See, e.g., Ackerman v. Mercy Behav. Health*, 621 F. App'x 711, 714 (3d Cir. 2015) (affirming dismissal because "there is no logical construction of the complaint from which to derive a legal claim for which relief is available in federal court"); *see also Caterbone v. Nat'l Sec. Agency*, 698 F. App'x 678, 679 (3d Cir. 2017) (*per curiam*) (dismissing appeal as lacking an arguable basis in fact where underlying allegations were based on plaintiff's assertion that he was a "victim of U.S. sponsored mind control and cointelpro harassment program"); *Price v. Fed. Bureau of Investigation*, No. 20-3015, 2020 WL 4368063, at *3 (E.D. Pa. July 30, 2020) (finding plaintiff's allegations to be factually frivolous where plaintiff asserted that "numerous law enforcement agencies, attorneys, prison officials, and medical professionals have used neurological and psychological technology to control the 'four basic groups of his brain and mental functions' and "that the use of this 'technology' and 'mind control' has caused him numerous impairments and drove him to criminal and erratic behavior"), *aff'd*, 845 F. App'x 106 (3d Cir. 2021); *Nduka v. Williams*, 410 F. Supp. 3d 719, 721-22 (E.D. Pa. 2019) (finding *pro se* plaintiff's allegations of "the existence of a wide-reaching conspiracy among various rappers, producers, and their 'affiliates' specifically designed to thwart his success in the music industry by hacking devices and engaging in a social media campaign to taunt [plaintiff]" were wholly incredible and warranted dismissal as factually frivolous pursuant to § 1915(e)(2)(B)(i)).

Rostick also has failed to plausibly allege any facts demonstrating that the named Defendants are state actors liable under § 1983 and has not otherwise set forth a basis to hold them liable under that statute. *See, e.g., Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) ("[T]o state a claim of liability under § 1983, [a plaintiff] must allege that [he] was deprived of a federal constitutional or statutory right by a state actor."). Even construing the Complaint in a light most favorable to Rostick, her allegations lack a factual basis and do not support any plausible constitutional claim.

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss the Complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous. Leave to amend will not be given as any attempt to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). Additionally, to the extent that Rostick's application to proceed *in forma pauperis* also can be construed to request appointment of counsel, such request is denied. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has "arguable merit in fact and law"). An appropriate Order follows, dismissing this case.

BY THE COURT:

_____
**MIA ROBERTS PEREZ, J.**